### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **WILLIAM B. JOLLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:20-cv-00668 (APM)** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM OPINION

## I.     INTRODUCTION

The Uniformed Services Employment and Reemployment Rights Act ("USERRA") prohibits employment discrimination against current and former members of the uniformed services based on their membership in such service.  A person claiming that a federal-agency employer violated USERRA cannot, however, bring a claim in federal court.  Rather, Congress directed that the matter be litigated before the Merit Systems Protection Board ("MSPB" or the "Board").

Plaintiff William Jolley, proceeding pro se, is an Air Force veteran and former employee of the U.S. Department of Housing and Urban Development ("HUD").  Claiming lost federal employment opportunities due to his membership in a uniformed service, Plaintiff filed administrative complaints before the MSPB, as USERRA requires.  Unsatisfied with the progress of those adjudications, Plaintiff brought this action challenging the constitutionality of USERRA's administrative review scheme.  Plaintiff claims that (1) USERRA's review process violates his right to equal protection because, unlike federal employees, private-sector employees may bring

their USERRA claims in federal court; (2) USERRA's requirement that federal employees must seek relief administratively from the MSPB violates Article III of the Constitution; and (3) the MSPB's Administrative Judges before whom federal employees are required to appear are not designated consistent with the requirements of Appointments Clause.

Defendant now moves to dismiss the action while Plaintiff has moved for partial summary judgment on his Appointments Clause claim. Because the court lacks subject matter jurisdiction over Plaintiff's claims, it grants Defendant's motion and denies Plaintiff's motion for partial summary judgment.

## II.    BACKGROUND

### A.    Statutory Framework

USERRA prohibits employers from discriminating against current and former members of the uniformed services in employment decisions on the basis of their membership in such service. *See* 38 U.S.C. § 4311(a). The statute provides that a member of the uniformed services "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." *Id.* USERRA also prohibits retaliation for exercising rights granted under the statute. *See id.* § 4311(b).

USERRA establishes different venues for enforcing the statute's protections depending on the type of employer. Persons employed by a private employer or by a State, after exhausting administrative remedies, may seek relief in either federal court (for cases against a private employer) or state court (for cases against a State employer). *See id.* §§ 4323(a)–(b).

Persons employed by a federal agency, on the other hand, must take a different route. After exhausting administrative remedies, such persons "may submit a complaint . . . to the Merit

Systems Protection Board." *Id.* § 4324(b).  "MSPB is an independent, quasi-judicial federal administrative agency that was established by the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., to review civil service decisions." *Jones v. Dep't of Justice*, 111 F. Supp. 3d 25, 31 (D.D.C. 2015) (citing 5 U.S.C. § 7701).  A complaint filed with the MSPB "is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law." *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing 5 C.F.R. §§ 1201.41(b), 1201.111).  A party aggrieved by an Administrative Judge's decision may appeal to the full Board. *See id.* (citing 5 C.F.R. § 1201.113).  USERRA provides that a "person adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board . . . may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision."  38 U.S.C. § 4324(d)(1).

### B.    Factual Background

Plaintiff brought this action in this court while two of his USERRA complaints were (and still are) in the MSPB review process.  In those matters, Plaintiff alleged that his applications for several GS-15 Director positions with the U.S. Department of Housing and Urban Development were denied in retaliation for his filing of prior USERRA complaints.[1]  *See* Def.'s Mot. to Dismiss, ECF No. 15 [hereinafter Def.'s Mot.], Ex. 1, ECF No. 15-2, at 14.  He also argued that the MSPB's Administrative Judges lack the authority to adjudicate his USERRA claims because their appointments are unconstitutional in light of the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  *See* Pl.'s Mot. to Supp. Pl.'s Compl., ECF No. 14, Pl.'s Ex. 2, ECF No. 14-2 [hereinafter Pl.'s Ex. 2], at 4–5.  In *Lucia*, the Supreme Court held that the SEC's administrative law judges were "Officers of the United States" subject to the Appointments Clause, and therefore

---

[1] *See, e.g., Jolley v. HUD,* 299 F. App'x 969 (Fed. Cir. 2008); *Jolley v. Dep't of Justice*, 602 F. App'x 805 (Fed. Cir. 2015); *Jolley v. MSPB*, 636 F. App'x 567 (Fed. Cir. 2016); *Jolley v. MSPB*, 752 F. App'x 964 (Fed. Cir. 2018).

ALJs hired by SEC staff (who were mere employees) could not hear and decide adversarial administrative cases.  138 S. Ct. at 2053–54.

On April 23, 2019, an MSPB Administrative Judge issued a decision agreeing with Plaintiff on his Appointments Clause challenge.  *See* Pl.'s Ex. 2, at 4–11.  He then certified his ruling for interlocutory review by the Board.  *See id.*  But because the Board has lacked a quorum since January 2017, Plaintiff's USERRA matters remain in limbo.  *See* Def.'s Mot., Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, ECF No. 15-1 [hereinafter Def.'s Br.], at 5.

### C.   Procedural History

On March 5, 2020, Plaintiff filed the present suit, asserting three claims.  First, he contends USERRA unconstitutionally compels veterans employed by a federal agency to litigate their claims before an administrative agency, whereas similarly situated veterans employed in the private sector may bring their claims in federal court.  Compl., ECF No. 1, at 3.  That cause of action resembles a challenge under the Equal Protection Clause, although Plaintiff does not expressly style it as such.  Next, he maintains that Article III's Vesting Clause mandates that his appeals be heard by an Article III judge rather than an MSPB Administrative Judge.  *Id.* at 4.  Finally, he reasserts his successful argument before the MSPB that its Administrative Judges are, post-*Lucia*, unconstitutionally appointed and thus cannot legally adjudicate his complaints.  *Id.* at 5.

On October 6, 2020, Defendant filed its first motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  *See* Def.'s. Mot. to Dismiss, ECF No. 11.  Less than two weeks later, on October 19, 2020, Plaintiff filed a motion to supplement his complaint.  Pl.'s Mot. to Suppl. Pl.'s Compl., ECF No. 14 [hereinafter Pl.'s Mot. to Suppl.].  In that motion, Plaintiff submitted two documents—(1) the MSPB Administrative Judge's Order and Certification for

Interlocutory Appeal on his *Lucia* claim and (2) the Supreme Court's case syllabus in *Lucia v. SEC*—but did not otherwise add or modify any allegations or claims.  *See id.*  The court construed Plaintiff's supplemental motion as an amendment as of right, *see* Fed. R. Civ. P. 15(a)(1)(B), and ordered Defendant to respond to the amended pleading by November 6, 2020.  Minute Order, Oct. 23, 2020.

Defendant did so, renewing its motion to dismiss on the same grounds as before.  Def.'s Mot.  On November 24, 2020, Plaintiff moved for partial summary judgment on his *Lucia* claim.  Pl.'s Mot. for Partial Summ. J., ECF No. 17.  These motions are now ripe for the court's consideration.

### III.   LEGAL STANDARD

On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over his claims.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  A court must accept all well-pleaded factual allegations in the complaint as true.  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).  A court is not limited to the allegations made in the complaint, however, and "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharm.*, 402 F.3d at 1253–54.

Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added); *D.C. Transit Sys., Inc. v. United States*, 717 F.2d 1438, 1440 n.1 (D.C. Cir. 1983).

IV.     DISCUSSION

By its terms, USERRA channels a federal employee's complaints under the statute to the MSPB, and not to federal district court.  *See* 38 U.S.C. § 4324(b).  The question here is whether the nature of Plaintiff's claims—constitutional challenges—allow him to avoid the administrative process and proceed in federal district court.  Plaintiff submits that the answer is yes for three reasons, but none are persuasive.[2]

First, Plaintiff contends that because the MSPB cannot declare acts of Congress unconstitutional, his claims are properly before this court.  *See* Pl.'s Resp. to Def.'s Renewed Mot. to Dismiss, ECF No. 18 [hereinafter Pl.'s Br.], at 7–8 ("It is well established . . . that the Board lacks authority to adjudicate the constitutionality of statutes." (quoting Pl.'s Ex. 2 at 5 n.1)); *see also Jarkesy v. SEC*, 803 F.3d 9, 18 (D.C. Cir. 2015) ("To be sure, the Supreme Court has noted that adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies." (cleaned up)).  The D.C. Circuit squarely foreclosed this argument in *Jarkesy*.  There, the court held that an administrative agency's incapacity to pass on the constitutionality of a statute is not "determinative of whether the [individual's] constitutional claims could receive meaningful review within [a statutory review] scheme."  803 F.3d at 18.  "[S]o long as a court can eventually pass upon the challenge, limits on an agency's own ability to make definitive pronouncements about a statute's constitutionality do not preclude requiring the challenge to go through the administrative route."  *Id.* (citing *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2136–37 (2012)).  Here, because the Federal Circuit is an

---

[2] In *Jarkesy v. SEC*, the D.C. Circuit addressed a question similar to the one presented here:  whether Congress intended exclusivity when a "statutory scheme of administrative and judicial review forecloses parallel district-court jurisdiction."  803 F.3d 9, 18 (D.C. Cir. 2015).  There, the Circuit applied *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), which established a two-part framework for answering such questions.  *See* 803 F.3d at 16.  Because Plaintiff does not address the *Thunder Basin* framework, and he bears the burden of establishing jurisdiction, the court focuses only on the arguments that he presents.

Article III court with the authority to review Plaintiff's constitutional challenges, the Board's lack of such authority does not allow Plaintiff to avoid USERRA's statutory scheme.

Second, Plaintiff seems to assert that—if his claims are ultimately vindicated—he should never have been subject to the administrative review process in the first place, and therefore, this court should hear his case. *See* Pl.'s Br. at 9 ("Plaintiff would never [have] had to bring this case if . . . there were judges whose appointments were in compliance with the criteria of the Supreme Court in *Lucia v. SEC*."); *id*. at 4 ("The MSPB administrative judge; not employed as required by the Constitution (per the Supreme Court criteria in *Lucia*) for the level of authority granted and required . . . cannot provide 'due process.'"). Once again, his argument is foreclosed by *Jarkesy*. There, the petitioner advanced non-delegation doctrine and equal protection claims that, if successful, meant "that [he] should not have been subjected to the administrative proceeding at all." *Jarkesy*, 803 F.3d at 25. Nevertheless, the Circuit held, "the fact that [his] claims attack the process rather than the result does not mean his claims should receive preemptive resolution in a district court." *Id.* "Requiring Jarkesy to undergo the remainder of the proceeding, notwithstanding his threshold claim that it was wrongly initiated, aligns with how the law handles analogous claims in similar contexts." *Id.* The Circuit's conclusion and reasoning in *Jarkesy* applies with equal force here.

Finally, Plaintiff argues that because the Board has lacked a quorum for over four years, his case will not be resolved in the foreseeable future if left to the statutory review process. *See* Pl.'s Br. at 7 ("[T]o state that a non-existing BOARD IS STILL REVIEWING[] . . . that is quite another matter."). The court sympathizes with Plaintiff's predicament and understands his frustration. But it finds no basis, statutory or otherwise, to say that a court's subject matter

jurisdiction can turn on the presence or absence of political gridlock.  Because Plaintiff cannot point to any authority for such a proposition, the court rejects this argument as well.

**V.     CONCLUSION**

For the foregoing reasons, the court grants Defendant's motion to dismiss for lack of subject matter jurisdiction and, as a result, denies Plaintiff's motion for partial summary judgment. A separate final order accompanies this Memorandum Opinion.

Dated:  June 24, 2021

Amit P. Mehta
United States District Court Judge